UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                 Case No. 3:10-cr-100-J-34TEM

LUCAS MICHAEL CHANSLER

_____

### UNITED STATES' POST-COMPETENCY HEARING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to this Court's order at the competency hearing on July 16, 2013, files this post-hearing memorandum and states as follows:

During the competency hearing on July 16, 2013, the Court heard testimony from defense expert Dr. Stephen Bloomfield, a forensic psychologist, and Dr. Robert E. Cochrane, Psy.D, a staff psychologist at the Federal Medical Center (FMC) in Butner, North Carolina.  Dr. Bloomfield testified that defendant is not competent to proceed, while Dr. Cochrane opined that defendant was competent and able to assist counsel in his defense.  Their opinions are consistent with their prior testimony at the competency hearing on September 20, 2012.

Dr. Bloomfield testified, among other things and in substance, that defendant could not interact with his lawyer, but subsequently receded from such assertion. He further testified that defendant's behavior "looks like choice but it isn't."  Dr. Bloomfield also indicated that defendant sees himself as more disordered than others do and tends to over-report his disorder.

Dr. Cocrane testified, among other things and in substance, that defendant has the ability to (i) consider the wisdom of taking a course other than standing trial on the merits, (ii) to decide objectively whether to exercise his constitutional right not to take the stand, and to testify in an intelligent manner, (iii) to remain alert and responsive during the trial so as to follow and recognize any discrepancies in the testimony of witnesses, and (iv) to discuss the testimony with his attorney and to suggest questions to the witnesses through counsel.  See Doc. 101 at 10, citing United States v. Giraldo, No. 2:09-cr-85-FtM-37SPC, 2011 WL 7946037, at *3 (M.D. Fla. Oct. 24, 2011), adopted 2012 WL 1890508.  Dr. Cochrane noted that while at FMC Butner, defendant reported a work assignment but then requested to quit, and refused to do any further psychotherapy.  Dr. Cocrane further testified that there will likely be no further improvement in his condition unless and until he avails himself of the psychosocial treatments available at FMC Butner.

The Court has the benefit of the competency reports submitted by the FMC Butner staff dated December 20, 2012 and March 13, 2013.  Defendant has been under observation and examination by the FMC Butner medical professionals for many, many months, while Dr. Bloomfield met with defendant for a period of about three hours on June 13, 2013.  During the hearing, defendant exhibited appropriate courtroom behavior, was respectful, and responded into the Court's questions in a competent manner.  The parties agree that defendant is intelligent and understands the nature and consequences of this proceeding.  Indeed, defendant has demonstrated impressive intellectual capabilities as well as the ability to engage in independent, sustained and thoughtful, albeit criminal, actions – from 2007 through

January 2010, he repeatedly extorted, terrorized, threatened, and sexually exploited many dozens of children over the internet, and meticulously collected and catalogued photographic trophies depicting his victims on his digital storage media. The FMC Butner professionals noted that "[d]espite experiencing intense anxiety, [d]efendant is able to behave appropriately, recall important details, and convey information to others." Doc. 101 at 5. If defendant is able to do these things, surely he is capable of assisting in his own defense to the extent required by the Constitution.

The United States is mindful that this Court has previously found defendant to be incompetent, and further acknowledges that defendant's condition has shown little to no improvement since that time, due in part to his own refusal to participate in psychotherapy. Accordingly, to find defendant competent at this point, it may be logically and legally necessary for the Court to reconsider its previous finding of incompetence and, to the extent required, the United States respectfully requests that the Court do so.

In summary, it is the position of the United States that defendant has the ability to rationally assist in his defense and to consider and follow recommendations of his counsel concerning whether to proceed to trial or plead guilty, and further that defendant is competent to proceed in this case.

WHEREFORE, the United States respectfully requests that the Court enter an order finding defendant competent to stand trial in this case.

         Respectfully submitted,

         A. LEE BENTLEY, III
         Acting United States Attorney

By:  *s/ D. Rodney Brown*
    D. RODNEY BROWN
    Assistant United States Attorney
    Florida Bar No. 0906689
    300 N. Hogan Street, Suite 700
    Jacksonville, Florida 32202-4270
    Telephone:  (904) 301-6300
    Facsimile:  (904) 301-6310
    E-mail:  rodney.brown@usdoj.gov

**U.S. v. LUCAS MICHAEL CHANSLER**               Case No. 3:10-cr-100-J-34TEM

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alan E. Rosner, Esq.

*s/ D. Rodney Brown*
D. RODNEY BROWN
Assistant United States Attorney

5