FILED IN OPEN COURT

8-13-14

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:10-cr-100-J-34PDB

LUCAS MICHAEL CHANSLER

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America,

by A. Lee Bentley, III, Acting United States Attorney for the Middle District of

Florida, and the defendant, LUCAS MICHAEL CHANSLER, and the attorney for

the defendant, Alan E. Rosner, mutually agree as follows:

**A.     Particularized Terms**

1.     **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Counts Five, Six,

Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen of the Indictment, each of

which charge the defendant with production of child pornography, in violation of

Title 18, United States Code, Section 2251(a).

2.     **Minimum and Maximum Penalties**

Counts Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and

Thirteen of the Indictment are each punishable by a mandatory minimum term of

imprisonment of not less than 15 years and not more than 30 years, a fine of

$250,000, or both, a term of supervised release of any term of years not less

than 5, or life, and a special assessment of $100, said special assessment to be

Defendant's Initials_____                    AF Approval_____

due on the date of sentencing.  If the Court sentenced the defendant on each

count consecutively, the aggregate minimum and maximum penalties would be a

minimum mandatory term of imprisonment of not less than 90 years and not *135 Days* *AD 9e*

more than 270 years, fines totaling $2,250,000, or both, a term of supervised

release of any term of years not less than 45, or life, and special assessments

totaling $900.  Pursuant to Title 18, United States Code, Section 3583(k), if the

defendant is required to register under the Sex Offender Registration and

Notification Act and commits any criminal felony offense under Title 18, United

States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court

shall revoke the term of supervised release and require the defendant to serve a

term of imprisonment of not less than 5 years and up to life per count.  Any other

violation of the terms and conditions of supervised release is punishable by a

term of imprisonment of up to 3 years per count.  With respect to these offenses

and pursuant to Title 18, United States Code, Sections 2259, 3663A and 3664,

the Court shall order the defendant to make restitution to any victim of the

offense(s), and with respect to other offenses, the Court may order the defendant

to make restitution to any victim of the offense(s), or to the community.

     3.    **Elements of the Offense(s)**

        The defendant acknowledges understanding the nature and

elements of the offense(s) with which defendant has been charged and to which

Defendant's Initials _____

defendant is pleading guilty.  The elements of Counts Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen of the Indictment are:

| | |
|---|---|
| First: | That an actual minor, that is, a real person who was less than 18 years old, was depicted; |
| Second: | That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct; |
| Third: | That the visual depictions were transported or transmitted using a means and facility of interstate or foreign commerce, that is, by computer via the internet. |

4.   **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant, Counts One, Two, Three, Four, Fourteen, and Fifteen, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.   **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials_____

3

6.    **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials_____

4

7. **Forfeiture of Assets**

On August 12, 2010, the Federal Bureau of Investigation completed

an administrative forfeiture of the following assets which were used or intended

to be used to commit or to promote the production of child pornography:

> One custom-built computer in a Coolermaster
> Centurion chassis, serial number
> RC534SKN21083200277, with two hard drives;
> and a Micronet Fantom model GF500EU hard
> drive, serial number SH853740, seized by the
> Federal Bureau of Investigation on January 8,
> 2010.

The defendant did not contest the administrative forfeiture of these

assets and expressly waives any right he may have to challenge such forfeiture.

The defendant also hereby agrees that the forfeiture described

herein is not excessive and, in any event, the defendant waives any

constitutional claims that the defendant may have that the forfeiture constitutes

an excessive fine.  Forfeiture of the defendant's assets shall not be treated as

satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this

Court may impose upon the defendant in addition to forfeiture.

8. **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the

Sex Offender Registration and Notification Act, a federal law, the defendant must

register and keep the registration current in each of the following jurisdictions: the

location of the defendant's residence; the location of the defendant's

Defendant's Initials _____

5

employment; and, if the defendant is a student, the location of the defendant's
school.  Registration will require that the defendant provide information that
includes name, residence address, and the names and addresses of any places
at which the defendant is or will be an employee or a student.  The defendant
understands that he must update his registrations not later than three business
days after any change of name, residence, employment, or student status.  The
defendant understands that failure to comply with these obligations subjects the
defendant to prosecution for failure to register under federal law, 18 U.S.C. §
2250, which is punishable by a fine or imprisonment, or both.

**B.**     **Standard Terms and Conditions**

      1.     **Restitution, Special Assessment and Fine**

           The defendant understands and agrees that the Court, in addition
to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to
any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses
described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to
make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663,
including restitution as to all counts charged, whether or not the defendant enters
a plea of guilty to such counts, and whether or not such counts are dismissed
pursuant to this agreement.  The defendant further understands that compliance
with any restitution payment plan imposed by the Court in no way precludes the
United States from simultaneously pursuing other statutory remedies for

Defendant's Initials _____

6

collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The defendant understands that this agreement imposes no limitation as to fine.

 2. **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

 3. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any

Defendant's Initials _____

7

recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

4.     **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly

Defendant's Initials _____

8

authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

5. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _____

9

6.    **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7.    **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____

10

8.   **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

9.   **Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that

Defendant's Initials _____

11

plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded, and if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____

12

12.   **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _12th_ day of _August_, 2014.

A. LEE BENTLEY, III
United States Attorney

LUCAS MICHAEL CHANSLER
Defendant

D. RODNEY BROWN
Assistant United States Attorney

ALAN E. ROSNER
Attorney for Defendant

MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials_____

13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:10-cr-100-J-34PDB

LUCAS MICHAEL CHANSLER

### PERSONALIZATION OF ELEMENTS

### As to Count Five

1.      Do you admit that an actual minor, that is, S. C., a real person who was less than 18 years old, was depicted?

2.      From on or about December 22, 2007 through on or about July 26, 2008, in St. Johns County, in the Middle District of Florida and elsewhere, did you employ, use, persuade, induce, entice or coerce S. C., a minor, to engage in sexually explicit conduct, that is, masturbation and lascivious exhibition of her genitals, for the purpose of producing visual depictions of such conduct, including the video file titled "07-25-08 epic show (BM).avi"?

3.      Do you admit that such visual depictions were transported and transmitted using a means or facility of interstate commerce, that is, by computer via the internet?

Defendant's Initials _____

**As to Count Six**

1.     Do you admit that an actual minor, that is, C. C., a real person who was less than 18 years old, was depicted?

2.     From on or about January 4, 2009 through on or about January 11, 2009, in St. Johns County, in the Middle District of Florida and elsewhere, did you employ, use, persuade, induce, entice or coerce C. C., a minor, to engage in sexually explicit conduct, that is, masturbation and lascivious exhibition of her genitals, for the purpose of producing visual depictions of such conduct, including the video file titled "01-04-09 nude & bate (fake guy)"?

3.     Do you admit that such visual depictions were transported and transmitted using a means or facility of interstate commerce, that is, by computer via the internet?

**As to Count Seven**

1.     Do you admit that an actual minor, that is, M. K., a real person who was less than 18 years old, was depicted?

2.     On or about December 24, 2009, in St. Johns County, in the Middle District of Florida and elsewhere, did you employ, use, persuade, induce, entice or coerce M. K., a minor, to engage in sexually explicit conduct, that is, masturbation and lascivious exhibition of her genitals, for the purpose of

Defendant's Initials _____          2

producing visual depictions of such conduct, including the video file titled "12-24-09 tits, puss, bate.avi"?

3.     Do you admit that such visual depictions were transported and transmitted using a means or facility of interstate commerce, that is, by computer via the internet?

**As to Count Eight**

1.     Do you admit that an actual minor, that is, A. K., a real person who was less than 18 years old, was depicted?

2.     From on or about June 23, 2009 through on or about December 21, 2009, in St. Johns County, in the Middle District of Florida and elsewhere, did you employ, use, persuade, induce, entice or coerce A. K., a minor, to engage in sexually explicit conduct, that is, masturbation and lascivious exhibition of her genitals, for the purpose of producing visual depictions of such conduct, including the video file titled "abbyemily.avi"?

3.     Do you admit that such visual depictions were transported and transmitted using a means or facility of interstate commerce, that is, by computer via the internet?

**As to Count Nine**

1.     Do you admit that an actual minor, that is, B. N., a real person who was less than 18 years old, was depicted?

Defendant's Initials _____     3

2.    From on or about June 9, 2009 through on or about October 17, 2009, in St. Johns County, in the Middle District of Florida and elsewhere, did you employ, use, persuade, induce, entice or coerce B. N., a minor, to engage in sexually explicit conduct, that is, masturbation and lascivious exhibition of her genitals, for the purpose of producing visual depictions of such conduct, including the computer files titled "06-19-09 nude (BM).avi,"  "Picture-56.jpg," and "Picture-57.jpg"?

3.    Do you admit that such visual depictions were transported and transmitted using a means or facility of interstate commerce, that is, by computer via the internet?

**As to Count Ten**

1.    Do you admit that an actual minor, that is, E. N., a real person who was less than 18 years old, was depicted?

2.    From on or about July 18, 2008 through on or about December 30, 2009, in St. Johns County, in the Middle District of Florida and elsewhere, did you employ, use, persuade, induce, entice or coerce E. N., a minor, to engage in sexually explicit conduct, that is, masturbation and lascivious exhibition of her genitals, for the purpose of producing visual depictions of such conduct, including the computer files titled "lizypinkie.AVI" and "capcoll.JPG"?

Defendant's Initials _____    4

3.      Do you admit that such visual depictions were transported and transmitted using a means or facility of interstate commerce, that is, by computer via the internet?

**As to Count Eleven**

1.      Do you admit that an actual minor, that is, A. R., a real person who was less than 18 years old, was depicted?

2.      From on or about June 10, 2008 through on or about December 21, 2009, in St. Johns County, in the Middle District of Florida and elsewhere, did you employ, use, persuade, induce, entice or coerce A. R., a minor, to engage in sexually explicit conduct, that is, masturbation and lascivious exhibition of her genitals, for the purpose of producing visual depictions of such conduct, including the computer files titled "0726091300.jpg," "0726091301.jpg," and "downsized_0810090001.jpg"?

3.      Do you admit that such visual depictions were transported and transmitted using a means or facility of interstate commerce, that is, by computer via the internet?

**As to Count Twelve**

1.      Do you admit that an actual minor, that is, C. S., a real person who was less than 18 years old, was depicted?

Defendant's Initials _____                5

2.      From on or about February 25, 2009 through on or about January 1, 2010, in St. Johns County, in the Middle District of Florida and elsewhere, did you employ, use, persuade, induce, entice or coerce C. S., a minor, to engage in sexually explicit conduct, that is, masturbation and lascivious exhibition of her genitals, for the purpose of producing of producing visual depictions of such conduct, including the computer files titled "04-11-09 nude & rub (BM).avi," "06-21-09 nude & bate (BM).avi," and "shhhhhhhh-028.jpg"?

3.      Do you admit that such visual depictions were transported and transmitted using a means or facility of interstate commerce, that is, by computer via the internet?

**As to Count Thirteen**

1.      Do you admit that an actual minor, that is, A. W., a real person who was less than 18 years old, was depicted?

2.      From on or about December 31, 2007 through on or about February 21, 2009, in St. Johns County, in the Middle District of Florida and elsewhere, did you employ, use, persuade, induce, entice or coerce A. W., a minor, to engage in sexually explicit conduct, that is, masturbation and lascivious exhibition of her genitals, for the purpose of producing of producing visual depictions of such conduct, including the computer files titled "Picture.avi," "Picture-663.jpg," and "Picture-669.jpg"?

Defendant's Initials _____        6

3.      Do you admit that such visual depictions were transported and transmitted using a means or facility of interstate commerce, that is, by computer via the internet?

Defendant's Initials _____      7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:10-cr-100-J-34PDB

LUCAS MICHAEL CHANSLER

### FACTUAL BASIS

Beginning in or about 2007, and continuing until on or about January 8, 2010, in St. Johns County, in the Middle District of Florida and elsewhere, defendant, Lucas Michael Chansler, used computers and interactive computer services to transmit threatening communications to several minor female children located all across the United States.  Chansler transmitted these threatening communications with the intent to extort things of value from the minor victim addressees, that is, digital photographs and webcam video of the minor victim addressees in various states of undress, exposing themselves and engaging in sexually explicit conduct.  In doing so, Chansler engaged in a pattern of extortion in which he would at first pretend to be a friend, acquaintance, or admirer of the minor victims on social networking websites such as MySpace and Facebook. Chansler used over 60 different online screen names to conceal his identity and location.

Defendant's Initials _____

After gaining some measure of trust from a particular minor victim,

Chansler would request that the minor victim engage in a live video chat session

with him via the internet.  During this video chat session, Chansler would use a

computer program to record the video session without the knowledge of the

minor victim.  During this video session, Chansler would ask the minor victim to

expose her breasts or genitalia.  Often Chansler would entice the minor victims to

so expose themselves by showing them streaming video of a minor male

exposing himself or engaging in masturbation.  Unbeknownst to the minor

victims, Chansler did not show himself during these webcam video sessions but

rather would use sexually explicit videos of other males which he had collected.

If a minor victim did expose herself to Chansler during a video chat session, this

conduct would be recorded by Chansler, and then he would send a copy or

portion of the video recording to the minor victim.  Chansler would then demand

that the minor victim send him additional and more graphic sexually explicit

digital still images or webcam video.  Chansler would inform the minor victim that

if she did not comply with his demand, he would injure the minor victim's

reputation by sending the sexually explicit images and/or videos to her friends or

by posting the images and/or videos to a public website.

Some of the minor victims complied with Chansler's demands, while

others did not.  With some of those who complied, Chansler carried on a

Defendant's Initials _____

2

continuing pattern of extortion by sending more threatening communications and demanding additional sexually explicit images and videos from the minors. On at least one occasion, Chansler was able to locate a minor victim who had established a new online persona in an effort to escape from Chansler. Chansler had previously coerced this minor to produce and transmit to him dozens of sexually explicit images of her over an extended period of time. Using communications routed through a proxy server in Brazil, Chansler reestablished contact with this minor victim and continued his attempts to extort sexually explicit images from her. All of the threatening communications made by Chansler and all of the sexually explicit images and videos received by him were transmitted over the internet using a facility of interstate and foreign commerce, that is, a computer and interactive computer service connected to the internet.

Using information received from the parents of one of Chansler's minor victims during late 2009 and working with the National Center for Missing and Exploited Children, agents with the Federal Bureau of Investigation ("FBI") were able to identify Chansler and locate his residence in St. Johns County, Florida. On January 8, 2010, agents with the FBI, the Florida Attorney General's Office and other task force agents executed a federal search warrant at Chansler's residence.

Defendant's Initials _____

3

During the execution of the search warrant, Chansler was interviewed. Chansler advised that he built his current computer approximately two years prior. Chansler stated that he used "mu-torrent" and "emule" to download games and pornography. He indicated that when he wanted to be anonymous in his web browsing he would use a proxy server. In addition to proxy servers, he used many different fictitious screen names and email addresses to conceal his identity and location. Chansler stated that there was a text file on his computer that contained a list of aliases that he was currently using.

Chansler stated that he used social networking sites such as MySpace and Facebook to meet girls who ranged in age from 13 to 18 years old. Chansler indicated that he targeted underage girls because adult women were "too smart" to fall for his scheme. These girls would agree to video chat with Chansler on a particular video chat website. During these chat sessions, Chansler used a screen capture program to record the session without the girl's knowledge. If he was able to persuade the girl to expose her breasts or genitals, he would save the recorded session. Chansler would then send a copy of the saved video session to the victim and inform her that if she did not send more explicit photographs to him, he would send the video to all her friends.

Chansler discussed one particular minor victim, stating that they met online through MySpace and he knew that she was 14 years old. Chansler

Defendant's Initials _____

4

stated that he was able to persuade her to expose herself on webcam.  He then sent the video to the minor along with a demand for more sexually graphic photographs, and later sent her a list of 20 sexually graphic poses to use while taking the photos.  He repeated this procedure several times and accumulated over 100 sexually explicit images from this minor female.  Chansler indicated that eventually the minor told him that she was no longer going to send him pictures. He then posted sexually explicit pictures of the minor on a public website and told her that there would be more posted if she did not resume sending him nude photos.

Chansler stated that he saved all files that he obtained from his victims and categorized them by type, whether photographs or videos, and saved them in separate folders labeled with each victim's name.  Chansler stated that he only shared files once with another person whom he met online about a year ago. Chansler and this individual shared information about the method that Chansler used to obtain graphic photos from underage girls.  Chansler stated that he never had any intentions to meet any of the girls.  All contact was through the internet, and he never asked any of the girls to meet in person.

Subsequent forensic analysis of Chansler's computer revealed that the computer contained two different hard disk drives, including a Western Digital 1 terabyte hard drive which contained data that included the images and videos of

Defendant's Initials _____

child pornography. The Western Digital hard drive contained numerous user created folders characterized and labeled by the name of the minor victims. Many of the victim folders contained information specific to the particular victim, such as screen captures of the victim's social networking webpages, written logs of online chats between the victim and Chansler, and pornographic webcam videos and/or digital photos. Many of the chat logs contained threats made by Chansler to post pictures of a victim if she did not send additional pornographic pictures. In a folder called "BM" were found three subfolders named "Done," "Done - Nothing," and "Prospects." Victims who were in the initial phases of Chansler's scheme were contained in a folder titled "Prospects," while victims who had been successfully targeted by Chansler (i.e., those who had sent Chansler pornographic images) were located in the "Done" folder. The "Done" folder contained 33 subfolders with names that corresponded to the screen names of identified victims. With these 33 subfolders, there were an additional 170 subfolders containing over 3,900 images and 100 videos, numerous chat logs and saved web pages from social networking websites. Several of the folders with "Done" contained remarks made by Chansler about either the content or the progress of the exploitation of the particular victim, such as "Gonna do again," "One last try," and "Found again, added on Facebook." There are numerous images and videos of minor females engaged in sexually explicit

Defendant's Initials_____

6

conduct as directed by Chansler through online chatting.  The videos depict the minor victims engaging in such acts as inserting their fingers, hairbrushes and other objects into their vaginas, and positioning webcams to capture video of their genitals and breasts.  Several of the victims are seen in the videos to be crying and pleading with Chansler not to force them to engage in sexually explicit conduct.  In one image saved by Chansler, one of the minor victims is depicted naked and holding up a handwritten sign that reads "RAPE" during a chat session with Chansler.

Chansler's computer hard drive contained a folder named "False."  This folder had at least nine subfolders containing over 70 images and 12 videos of clothed, partially clothed and naked teenaged males.  Some of the images and videos depicted the males engaged in masturbation, and such videos bore descriptive file names such as "Jerkoff" and "Jackoff."  Two of the videos were named "Fake" and "Newfake."  During chat sessions with minor victims, Chansler would stream video of these masturbating males to the victims so they would believe that Chansler was engaging in sexually explicit conduct simultaneously with the victims.

In addition to the sexually explicit images and videos of the minor victims that were produced at the direction of Chansler, the Western Digital hard drive also contained numerous images of child pornography which were obtained by

Defendant's Initials _____

7

Chansler from websites.  Additional images and videos of child pornography were recovered in a folder named "Access."  Therein, six subfolders were found named "Yahoo Webcam," "Nude Sets," "Movies," "LS Models," "Jailbait," and "Adult."  A file named "Names.Txt" was recovered in the "Drivers" folder, which contained a list of aliases used by Chansler.  There were over 60 different aliases listed by Chansler, and next to many of them were the screen names of a victim.  In a document named "Pic Instructions.Txt," Chansler set forth very detailed and graphic instructions of the types of pornographic pictures that he demanded his victims to send him.  This list contains links to websites containing photographic examples of the suggested poses.

The forensic analysis of Chansler's hard disk drive revealed that Chansler had targeted approximately 350 different minor victims.  Among these were 103 minor victims who have been positively identified, including S. C. (Count Five), C. C. (Count Six), M. K. (Count Seven), A. K. (Count Eight), B. N. (Count Nine), E. N. (Count Ten), A. R. (Count Eleven), C. S. (Count Twelve), and A. W. (Count Thirteen).  Each of these minor victims were employed, used, persuaded, induced, enticed, and coerced by Chansler to produce sexually explicit images and videos of themselves and to transmit them to Chansler over the internet.   In total, Chansler's computer media contained approximately 80,000 images and videos, many of which depicted what appeared to be post-pubescent minors

Defendant's Initials _____

8

engaged in sexually explicit conduct.  Over 3,000 videos were recovered, and at least 200 of these videos depicted child pornography.

Chansler admits and agrees that the conduct described in the Factual Basis provides a sufficient factual and statutory basis for the forfeiture of the property, if any, sought by the government.

Defendant's Initials _____

9