# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

2014 NOV 13 AM 11: 12

UNITED STATES OF AMERICA

v.

LUCAS MICHAEL CHANSLER

**JUDGMENT IN A CRIMINAL CASE**

JACKSONVILLE, FLORIDA

CASE NUMBER: 3:10-cr-100-J-34PDB
USM NUMBER: 53228-018

Defendant's Attorney: Alan E. Rosner, Retained

THE DEFENDANT:

✓    pleaded guilty to Counts Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen of the Indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography | July 26, 2008 | Five |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | January 11, 2009 | Six |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | December 24, 2009 | Seven |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | December 21, 2009 | Eight |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | October 17, 2009 | Nine |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | December 30, 2009 | Ten |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | December 21, 2009 | Eleven |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | January 1, 2010 | Twelve |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | February 21, 2009 | Thirteen |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, and 18 U.S.C. §§ 3551 and 3553.

Counts One, Two, Three, Four, Fourteen, and Fifteen are dismissed on the motion of the United States and pursuant to the Plea Agreement.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 10, 2014

_/s/ Marcia Morales Howard_
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

DATE: November 12, 2014

**Lucas Michael Chansler**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2 of 6
3:10-cr-100-J-34PDB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED FIVE (105) YEARS, consisting of FIFTEEN (15) YEARS as to each Count Five, Six, Seven, Eight, Nine, Ten, and Eleven to run consecutively and FIFTEEN (15) YEARS as to each Count Twelve and Thirteen to run concurrently with the sentence imposed in Count Five.**

✓　　　The court makes the following recommendations to the Bureau of Prisons:

　　　　• 　Incarceration at the facility located in Butner, North Carolina.

✓　　　The defendant is remanded to the custody of the United States Marshal.


## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy U.S. Marshal

Case 3:10-cr-00100-MMH-PDB   Document 197   Filed 11/13/14   Page 3 of 6 PageID 1209
AO 245B (Rev. 9/11) Sheet 3 – Supervised Release

Lucas Michael Chansler                                                                            Page 3 of 6
3:10-cr-100-J-34PDB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS, consisting of FIVE (5) YEARS as to each Count Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

✓   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

✓   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

✓   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

✓ The defendant shall participate in a mental health treatment program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. The defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

✓ The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vacation, or is a student, as directed by the probation officer.

✓ The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

✓ The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

✓ The defendant is prohibited from possessing, subscribing to, or viewing, any images, video, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions.

✓ The defendant shall not possess or use a computer with access to any on line service at any location (including employment) without written approval from the probation officer. This includes access through any internet service provider, bulletin board system, or any public or private computer network system. Defendant shall permit routine inspection of his computer system, hard drives, and other media storage materials, to confirm adherence to this condition. The inspection shall be no more intrusive than is necessary to ensure compliance with this condition. Defendant shall inform his employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

✓ The defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer, or vehicle conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

Lucas Michael Chansler  
3:10-cr-100-J-34PDB

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $900.00 | $0.00 | $360.00 |

✓ The determination of any additional restitution is deferred until January 26, 2015. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

✓ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| S.C. | | $360.00 |

✓ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
 ✓ the interest requirement is waived for the restitution.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Lucas Michael Chansler  Page 6 of 6
3:10-cr-100-J-34PDB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

The Special Assessment in the amount of **$900.00** is due in full and immediately.

While in the custody of the Bureau of Prisons, the defendant shall either (1) pay at least $25.00 quarterly if working a non-Unicor job or (2) pay at least 50 percent of his monthly earnings if working in a Unicor position. Upon release from custody, the defendant is ordered to begin making payments of $50.00 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.